UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JASON W. PATTERSON, et al.,

Defendants.

Hon. Hugh B. Scott

12CR64A

Report
&
Recommendation

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 15). The instant matter before the Court is so much (see Docket Nos. 73, 78, 79, 80) of defendant Jason Patterson's motion to suppress evidence seized pursuant to a search warrant (Docket No. 67). Familiarity with previous Orders in this case (e.g., Docket No. 78) is presumed. This motion was argued on October 9, 2013, and submitted (Docket No. 81).

## BACKGROUND

Patterson was charged in Count 1 of the Indictment with four other defendants[1] with conspiracy to possess with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and in Count 2 (with April Patterson) with maintaining a premises for the purposes of manufacturing, distributing, and using methamphetamine, in

---

[1]The four codefendants each have pled guilty, see Docket Nos. 51 (Justin McPherson plea agreement), 52 (April Patterson), 57 (John Faber), 58 (Anthony Kidd), and are awaiting sentencing, see Docket Nos. 65 (adjourning sentencing of Justin McPherson), 66 (adjourning sentencing of April Patterson), 74 (adjourning sentencing of Anthony Kidd), 77 (adjourning sentencing of John Faber).

violation of 21 U.S.C. § 865(a)(1) and 18 U.S.C. § 2, for premises at 23 South Main Street, Wellsville, New York (Docket No. 14, Indict.).

Patterson moves to suppress evidence items seized from his person and apartment during the execution of a search warrant on January 26, 2012 (Docket No. 67, Def. Motion at 34). The application for this warrant was based in part on the in camera testimony of a confidential informant but Patterson was not provided this in camera testimony. The investigator in the supporting affidavit does not vouch for the reliability of the informant.

Patterson challenges the sufficiency of the probable cause to issue the warrant, concluding that it is insufficient as a matter of law and fact to support a probable cause finding (id. at 35; Docket No. 75, Def. Aff. ¶ 5). He asked for this Court to review this material in camera as well as hold an evidentiary hearing (Docket No. 67, Def. Motion at 35); this Court did review in camera the proceedings of Judge Terrence Parker in Allegany County Court that led to the issuance of the warrant (see Docket No. 78, Order of Sept. 10, 2013, at 11-12). Patterson submitted an affidavit regarding his standing to contest the search warrant executed at 23 South Main Street, Apartment #6, Wellsville, New York (hereinafter "Apt. #6"), alleged to be defendant's residence (Docket No. 75; see Docket Nos. 73, Order of Aug. 8, 2013, 67, Def. Motion at 34). In his affidavit (Docket No. 75), Patterson admitted that he resided at Apt. #6 (id. ¶ 3) and he claimed an expectation of privacy at that location (id. ¶ 4). He reasserted his allegation that the search warrant was issued without probable cause (id. ¶¶ 5-6).

At oral argument, Patterson conceded that a hearing was unnecessary and submitted the question of the legality of this warrant to the Court.

This Court reviewed the <u>in camera</u> proceedings held by Judge Parker on January 24, 2012, where New York State Police investigator Susan Kaduc and one confidential informant testified before that court. Investigator Kaduc applied for the warrant based upon the testimony of the confidential informant before Judge Parker. The State Police and the Southern Tier Regional Drug Task Force had 23 South Main Street in Wellsville under surveillance for suspected sales of methamphetamine based upon a prior confidential informant's controlled purchase of drugs there in December 1, 2011. This informant did <u>not</u> testify before Judge Parker and the facts and circumstances surrounding this controlled purchase were not discussed.

The confidential informant who did testify before Judge Parker stated that the informant went into the apartment at 23 South Main Street a month later, on January 21, 2012, and saw chemicals to produce methamphetamine and saw persons injecting that drug. The informant testified that he saw someone enter a bathroom to finish making a batch of methamphetamine, cleaning it with dry acetone. The informant also saw ammonium nitrate that was used and camp fuel and other things that the informant asserted were used to make methamphetamine. The informant noted that defendant (among others) was in that apartment. Judge Parker asked if that informant was familiar with what methamphetamine looked like and the process used to produce it, the informant answered both questions affirmatively, and Judge Parker found that the informant could conclude that the occupants of the apartment were engaged in that process. Judge Parker then was satisfied that probable cause was shown for issuance of the search warrant.

# DISCUSSION

I.        Search Warrant Standards

The Fourth Amendment to the United States Constitution provides that no search warrant "shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized," U.S. Const. amend. IV; see also Fed. R. Cr. P. 41(d)(1)(warrant issues upon a judge receiving an affidavit "or other information"); Arizona v. Evans, 514 U.S. 1, 10 (1995). The burden of establishing rights under the Fourth Amendment is upon the movant, see United States v. Pena, 961 F.2d 333, 336 (2d Cir. 1992). Probable cause is required for issuance of a search warrant, e.g., United States v. Salameh, 152 F.3d 88, 112-13 (2d Cir. 1998), with probable cause determined on the totality of circumstances, see Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Wagner, 989 F.2d 69, 71-72 (2d Cir. 1993). Any doubts as to the existence of probable cause is to be found in favor of upholding the warrant, Salameh, supra, 152 F.3d at 113; see United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993).

For there to be probable cause, there must be "a fair probability that contraband or evidence of a crime will be found in a particular place," Gates, supra, 462 U.S. at 238. The reason this Court, in reviewing the probable cause determination, has to give deference to the issuing judge, see id. at 236; Spinelli v. United States, 393 U.S. 410, 419 (1969), is that this Court does not conduct de novo review and the reviewing Court is to not "'interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner,'" Gates, supra, 462 U.S. at 236 (quoting United States v. Ventresca, 380 U.S. 89, 109 (1965)). The Gates Court also noted that, in the history of search warrants in this country, they have been issued by "persons who are

neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of 'probable cause,'" id. at 235.  The duty of this Court as the reviewing Court under Gates "is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed," id. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).  In reviewing the probable cause determination, this Court must give "considerable deference to the probable cause determination of the issuing magistrate," Walcyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007).

II.     Application

Upon review of the four corners of the warrant application, while giving deference to the issuing judge, there was insufficient probable cause before that judge for issuance of this warrant.  Probable cause here is based on the informant and the informant's observations.  The judge never determined the reliability of this informant or the basis for the informant's knowledge of methamphetamine and how it was produced.  The investigator did not attest to the reliability of this informant.  The judge only asked if the informant knew what methamphetamine looked like and how it was produced and did not go beyond the informant's affirmative answers to establish how the informant knew these facts.  The only other information that contraband might be located at Apt. #6 is based upon a second, unnamed confidential informant who made a controlled buy there months before.  This second informant did not testify, there is no testimony for that informant's reliability and knowledge, and no testimony that there was possession of contraband during the intervening three months or surveillance of that apartment for ongoing activity.  Even if there was such testimony, that buy may be stale to support a search conducted months later.

III.     Leon Good Faith

The Leon Court held that the officers executing a facially sufficient search warrant are entitled to good faith and suppression should be denied, United States v. Leon, 468 U.S. 897, 923 (1984). Under Leon, the suppression inquiry shifts from what the issuing judge did or should have done to determine probable cause to whether law enforcement officers, minimally trained in the law, can rely upon an otherwise facially valid search warrant issued by that judge. Reliance upon the issuing judge's probable cause determination must be objectively reasonable and under "some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued," Leon, supra, 468 U.S. at 922-23. The exceptions to reliance upon the facially valid warrant under Leon–whether the issuing judge was misled, whether the application lacked any indicia of probable cause, whether the warrant was facially deficient that reliance upon it would be unreasonable, or whether the issuing judge abandoned the judicial role, id. at 923–take reliance upon that warrant out of the hands of the officer.

If the issuing judge is misled by information the affiant officer knew was false or would have known except for the officer's reckless disregard of the truth or the affidavit so lacks indicia of probable cause, the officer knows (or should know) the defects that would make a subsequently issued warrant invalid. Similarly, if the officer witnesses the judge depart from the judicial role in issuing the warrant, the officer would know not to rely upon the validity of that warrant. From the face of a deficient warrant, it would not tell the officer sufficient information to execute the warrant, hence informing him that he could not rely upon it to conduct the search. See generally id.

Here, this is a deficient warrant because it is based on an otherwise unreliable informant but there is nothing to inform the executing officers that it could not be reasonably relied upon. When an officer conducts a search in good faith reliance on a warrant, the exclusionary rule does not require the suppression of evidence, even if the warrant is later shown to be defective, United States v. Cancelmo, 64 F.3d 804, 807-08 (2d Cir. 1995) (citing Leon, supra, 468 U.S. 897); United States v. Fountaine, No. 07CR169S, 2008 U.S. Dist. LEXIS 119805, Report & Rec., Docket No. 34 (W.D.N.Y. May 30, 2008)(Scott, Mag. J.), adopted, 2008 U.S. Dist. LEXIS 73589, Docket No. 43 (W.D.N.Y. Sept. 12, 2008); see also United States v. Tisdale, 195 F.3d 70, 72 (2d Cir. 1999) ("the exclusionary rule does not apply to evidence obtained by a police officer whose reliance on a search warrant issued by a neutral magistrate was objectively reasonable, even though the warrant is ultimately found to be defective."). As was found in Fountaine, 2008 U.S. Dist. LEXIS 119805, at *7; see also United States v. Monk, 499 F. Supp. 2d 268, 270-71 (E.D.N.Y. 2007); United States v. Sykes, 424 F. Supp. 2d 590, 593-94 (W.D.N.Y. 2006) (Telesca, J.), the good faith exception to the exclusionary rule applies where the record does not reflect a basis for finding that the unnamed informant was reliable.

There is no proof that the issuing judge was knowingly misled in authorizing this warrant. Nor is there proof that the judge wholly abandoned his judicial role. As to whether the application was so lacking in probable cause, this determination often calls upon a legal conclusion that law enforcement officers are not capable of finding in conducting an investigation. This application, like the one in Fountaine, supra, 2008 U.S. Dist. LEXIS 119805, at *8, is not so lacking in indicia of probable cause as to render its reliance upon it by lay officers

it unreasonable. Finally, this warrant was not sufficiently deficient on its face to warn the executing officer of its defects.

## CONCLUSION

Based upon the above, it is recommended that so much of defendant Jason Patterson's motion to suppress evidence seized under a search warrant for 23 South Main Street, Apartment #6, Wellsville, New York (Docket No. 67), be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 30, 2013