UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,


**DECISION AND ORDER**
v                                                    12-CR-64-A


JASON W. PATTERSON, et al.,


                        Defendant.

═══════════════════════════════════

    This case was referred to Magistrate Judge Hugh B. Scott pursuant to 28

U.S.C. § 636(b)(1)(B) for pretrial proceedings.  On October 30, 2013, Magistrate

Judge Scott filed a Report and Recommendation, Dkt. No. 82, recommending denial

of a motion filed by defendant Jason W. Patterson to suppress items seized from 23

South Main Street, Apt. 6, Wellsville, New York, Dkt. Nos. 67, 75, pursuant to a

search warrant authorized by a County Court Judge.  The Report and

Recommendation specifically recommended that the Court find the search warrant

lacked probable cause, but that items seized should not be suppressed because of

the good faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S.

897 (1984).

    Defendant Patterson and the United States both filed objections to the Report

and Recommendation on November 13, 2013.  Defendant Patterson objected that

the Report and Recommendation erroneously denied him an evidentiary hearing

necessary to show the *Leon* good-faith exception to the exclusionary rule should not

apply.  The United States objected that the Report and Recommendation erroneously discounted the reliability of face-to-face testimony of a confidential informant before the County Court Judge who found probable cause to authorize the search warrant.

The Court heard oral argument on January 14, 2014 and directed supplemental briefing that closed January 21, 2014.  The Court has carefully reviewed the Report and Recommendation, and all of the pleadings and materials submitted by the parties, including an *in camera* submission of the record of proceedings for issuance of the search warrant before the County Court Judge. *See* Dkt. Nos. 108-09.  Pursuant to 28 U.S.C. § 636(b)(1), and for the reasons that follow, the Report and Recommendation, Dkt. No. 82, is adopted on modified grounds.  The Court finds there was a substantial basis for the County Court Judge's finding of probable cause to search, and defendant Patterson's motion to suppress is therefore denied.

## DISCUSSION

The defendant, Jason W. Patterson, is charged in an Indictment with one count of Conspiracy to Possess with Intent to Distribute and Manufacture 50 grams or more of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and one count of Maintaining a Premises For The Purpose of Manufacturing, Distributing and Using Methamphetamine in violation of 21 U.S.C. § 856(a).  The two charges are based, in part, upon evidence seized during execution

of the search warrant on January 26, 2012 for defendant Patterson's residence at

23 South Main Street, Apt. 6, Wellsville, New York.  The search warrant was issued

by Allegany County Court Judge Terrence M. Parker on January 24, 2012.

Defendant Patterson seeks suppression of seized items arguing that the

search warrant was unsupported by probable cause and seeks an evidentiary

hearing to test assertions of the good faith reliance of law enforcement agents upon

the search warrant when executing the warrant and seizing items from defendant's

residence.  The United States argues there was a substantial basis for Judge

Parker to find by a fair probability that some evidence of narcotics offenses would be

located at Patterson's residence, and that the motion to suppress should be denied.

**Probable Cause.**  During *in camera* proceedings before Judge Parker on

January 24, 2012 **,** New York State Police Investigator Susan Kaduc testified under

oath that, after confidential informants reported to law enforcement officers that

methamphetamine was being sold from 23 South Main Street, Apt. 6, Wellsville, a

confidential informant purchased methamphetamine from those premises while

under law enforcement control on December 1, 2011.  Investigator Kaduc did not

provide any testimony about the reliability of any of these informants.

Investigator Kaduc also testified that another confidential informant had been

in 23 South Main Street, Apt. 6, Wellsville, a few days earlier, on January 21, 2012,

and had reported seeing persons injecting methamphetamine into their arms and

seeing chemicals used to produce methamphetamine.  That confidential informant

also testified under oath before County Court Judge Parker on January 24, 2012.

The confidential informant who testified before Judge Parker reported seeing chemicals and items used to produce methamphetamine, including acetone, ammonium nitrate, and camp fuel, as two batches of methamphetamine were being produced by defendant Patterson and another person. The confidential informant testified seeing defendant "clean" a methamphetamine batch "with dry acetone so that it wouldn't burn him when he shot it up."

In response to questions by Judge Parker, the confidential informant testified to being familiar with methamphetamine, and the process used to make methamphetamine. In response to a question by Judge Parker, the confidential informant stated that the informant's conclusion about what the informant had observed was based on the informant's own experience.[1] Finally, the informant confirmed that methamphetamine was being produced in 23 South Main Street, Apt. 6, Wellsville, on January 21, 2012.

To authorize a search warrant, a judge must find that probable cause exists to believe (1) that a crime has been committed and (2) that evidence of the crime will be found in the premises to be searched. *See e.g.*, *United States v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990). "The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances . . . before

---

[1] The confidential informant was not asked to confirm explicitly whether the informant saw a person inject methamphetamine into their arm on January 21, 2012 after Investigator Kaduc testified the informant had seen it. *But see* Dkt. No. 82, p. 3.

him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

A judge's determination of probable cause should be given "great deference" by a reviewing court. *Gates*, 462 U.S. at 236; *United States v. Nichols*, 912 F.2d 598, 602 (2d Cir. 1990). A court reviewing the validity of a search warrant is "simply to ensure that the magistrate had a 'substantial basis' for . . . conclud[ing] that probable cause existed." *Gates*, *supra*, at 238–39 (*quoting Jones v. United States*, 362 U.S. 257, 271 (1960)). A marginal case should be determined with due weight to the preference accorded to warrants. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Leon*, 468 U.S. 897, 914 (1984) *see United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) ("A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and 'doubts should be resolved in favor of upholding the warrant.") (*quoting United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983)).

Generally, information in support of a search warrant that is provided face-to face, as was the testimony before Judge Parker, is more reliable than other information. *United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991) . A confidential informant providing information face to face "runs the greater risk that he may be held accountable if his information proves false." *Id*. The Second Circuit has observed, and it is generally true, that an informant's testimony under oath is

"significantly more reliable" than other informant information, because the testifying informant faces the sanction of a perjury prosecution. *United States v. Hernandez*, 85 F.3d 1023, 1028 (2d Cir. 1996).

In this case, the testimony of confidential informant before Judge Parker under oath was based upon the informant's personal observations inside 23 South Main Street, Apt. 6, Wellsville, not hearsay from another source. Some details of the testimony, such as the confidential informant's description of defendant Patterson "cleaning" a new methamphetamine batch "with dry acetone so that it wouldn't burn him when he shot it up," is self-corroborating. See *Hernandez*, *supra* at 1028. As a practical matter, only a person with significant exposure to illegal activity involving methamphetamine would describe their observations in this way.

The Magistrate Judge observed that Investigator Kaduc's testimony of a buy of methamphetamine on December 1, 2011 by an informant under law enforcement control did not include testimony about the reliability of that informant, and that the controlled buy was several weeks prior to the testifying confidential informant's observations. Dkt. No. 82, p. 5. However, the Court finds that the December 1, 2011 controlled buy can properly be seen as providing some corroboration of the later events described by the testifying confidential informant. And the December 1, 2011 controlled buy tended to corroborate the general information of methamphetamine sales from those premises law enforcement officers had received from other informants. The lack of testimony about the reliability of the

informants was a relevant factor, but it was only one factor in the totality of circumstances presented to Judge Parker.

In *Gates*, the United States Supreme Court disavowed the two-part *Aguilar–Spinelli*[2] test requiring separate and independent substantiation of an informant's veracity or reliability and the informant's basis of knowledge.  *Gates*, 462 U.S. at 230.  Although the requirements of the old *Aguilar–Spinelli* test remain "highly relevant in determining the value of [an informant's] report,"  they are properly seen as  "closely intertwined issues"  that assist in the  "practical"  and "commonsense"  assessment whether there is a fair probability that evidence of a crime will be found in a particular location.  *Id.* at 230, 238-39.

In view of the totality of the circumstances presented to Judge Parker on January 24, 2012, the Court finds a substantial basis for Judge Parker's conclusion by a standard of a fair probability that evidence of the criminal conduct testified to by both testifying witnesses would be located inside 23 South Main Street, Apt. 6, Wellsville, New York.  The face-to-face testimony of the confidential informant under oath was sufficiently corroborated by its particular detail and by the earlier controlled buy of methamphetamine to support the finding of probable cause to search. Recognizing that there was no testimony by a law enforcement officer about the reliability of any of the confidential informants, the Court finds no reason to reject the credibility determinations made by Judge Parker.  Accordingly, the motion of

---

[2] *Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964).

defendant Patterson to suppress items seized pursuant to the search warrant authorized by Judge Parker for lack of probable cause is denied.

**Good Faith.**  Because the Court finds there was probable cause for the search warrant issued January 24, 2012 for 23 South Main Street, Apt. 6, Wellsville, New York, the question of the good faith of the law enforcement officers who executed the warrant under *United States v. Leon*, 468 U.S. 897 (1984), is moot.

## CONCLUSION

For all of the foregoing reasons, the Court denies the motion of defendant Jason W. Patterson to suppress physical evidence seized from 23 South Main Street, Apt. 6, Wellsville, New York, pursuant to an search warrant authorized by Allegany County Court Judge Terrence M. Parker.  The parties shall appear on Monday, February 24, 2014 at 12:30 p.m. to set a date for trial.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2014

8